# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>**CASHMAN EQUIPMENT CORP.,**[1]<br><br>Debtor | Chapter 11<br><br>Case No. 17-12205-MSH<br><br>Jointly Administered |

### MOTION TO WITHDRAW THE REFERENCE WITH RESPECT TO THE OBJECTIONS TO THE CLAIMS OF <u>JOSE FRANCISCO SALVADOR AND JASON ROBERT LEWIS</u>

Cashman Equipment Corporation ("<u>CEC</u>") and Servicio Marina Superior, LLC ("<u>SMS</u>", and together with CEC the "<u>Debtors</u>"), each debtors in the above captioned jointly administered bankruptcy cases, move the United States District Court for the District of Massachusetts (the "<u>Court</u>") to withdraw the reference to the United States Bankruptcy Court for the District of Massachusetts (the "<u>Bankruptcy Court</u>") of the resolution of the separate claims asserted against the Debtors by Jose Francisco Salvador ("<u>Mr. Salvador</u>") and Jason Robert Lewis ("<u>Mr. Lewis</u>"). The claims asserted by Mr. Salvador and Mr. Lewis, which are wholly disputed by the Debtors, appear to be personal injury claims. The Debtors have filed objections to the claims asserted by Mr. Salvador and Mr. Lewis. Pursuant to 28 U.S.C. § 157, the Bankruptcy Court may not hear disputes with respect to personal injury claims and the determination where such disputes will be resolved is made by the Court. Grounds therefore exist to withdraw the reference to the

---

[1] The debtors in these jointly administered chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are Cashman Equipment Corp. (7969), Cashman Scrap & Salvage, LLC (6088), Servicio Marina Superior, LLC (6919), Mystic Adventure Sails, LLC (2137) and Cashman Canada, Inc. (1296).

Bankruptcy Court of the objections to the claims of Mr. Salvador and Mr. Lewis. In support of this motion, the Debtors aver as follows:

### BACKGROUND

**A.  Bankruptcy Background.**

1. On June 9, 2017 (the "Petition Date"), the Debtors and certain of their affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

2. On December 14, 2018, the Bankruptcy Court entered an order [doc. no. 1254] confirming the *Modified Third Amended Joint Plan of Reorganization of Cashman Equipment Corp., Cashman Scrap & Salvage, LLC, Servicio Marina Superior, LLC, Cashman Canada, Inc., Mystic Adventure Sails, LLC, and James M. Cashman* (the "Plan") [doc. no. 1158]. The Plan authorizes the Debtors to object to claims asserted against the Debtors.

3. The Effective Date of the Plan was December 31, 2018, and the Debtors have commenced making payments to creditors in accordance with the Plan.

**B.  Claims Background.**

   **i.  Mr. Salvador's Claim.**

4. In June of 2016, Mr. Salvador was allegedly injured while employed by CHM Maritime S.A.P.I. de C.V. ("CHM"), a Mexican corporation which is a non-debtor affiliate of the Debtors. The accident occurred while Mr. Salvador was working on the Marina Polaris (the "Polaris"), a vessel owned by SMS but leased and operated by CHM. Mr. Salvador alleges that, as a result of the accident, he suffered a partial amputation of his leg.

5. In May of 2017, Mr. Salvador filed a complaint under 46 U.S.C.A. § 30104 (the "Jones Act") in the 16th Judicial District Court, Parish of St. Mary, State of Louisiana, against

CEC, SMS and CHM (the "Salvador Action"). In the Salvador Action, Mr. Salvador alleged, among other things, that he was injured by a slip and fall while performing work on the Polaris, and that such injuries were caused by CEC's, SMS' and CHM's negligence. The complaint in the Salvador Action does not state the amount of Mr. Salvador's alleged damages.

6. The Debtors notified their insurer of Mr. Salvador's claims, and the insurer was preparing to defend in the Salvador Action when these bankruptcy cases were filed and the Salvador Action was stayed.

7. On December 20, 2017, Mr. Salvador filed separate proofs of claim (the "Salvador Claims") in CEC's and SMS's respective bankruptcy cases, asserting claims against CEC and SMS of $10,000,000. The only attachment to Salvador Claims is the complaint from the Salvador Action. The basis of the Salvador Claims is a personal injury tort claim.

8. The Debtors dispute the Salvador Claims and Mr. Salvador's allegations in the Salvador Action. On March 31, 2019, the Debtors filed objections to the Salvador Claims in the Bankruptcy Court.

    ii.    **The Lewis Claim.**

9. In March of 2015, Mr. Lewis was employed by Aqueos Corporation ("Aqueos") on the DSV AQUEOS ACADIAN (the "DSV Acadian"), a vessel owed by Aqueos, in Louisiana. In March of 2015, the DSV Acadian allided with a moored vessel owned by CEC in a waterway in Louisiana. Mr. Lewis alleges that he was injured and suffered damages as a result of the allision. The Debtors notified their insurer of Mr. Lewis' claims.

10. In February of 2018, Mr. Lewis filed a complaint in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, against Aqueos and CEC's insurers (the "Lewis Action"). Mr Lewis did not bring suit against CEC, but Aqueos filed a third-party claim

3

756271

against CEC in the Lewis Action after the Petition Date. When notified that such an action was a violation of the automatic stay, Aqueos amended their pleadings to remove the third-party claim against CEC, and CEC is no longer a party to the Lewis Action. As a result of the confirmation of the Plan, Aqueos' claims against CEC have been discharged.

11. CEC's insurers have been defending themselves in the Lewis Action.

12. On February 16, 2018, Mr. Lewis filed a proof of claim in CEC's bankruptcy case asserting a claim against CEC in an unliquidated amount (the "Lewis Claim"). The basis of the Lewis Claim is a personal injury tort claim.

13. CEC disputes the Lewis Claim and Mr. Lewis' allegations in the Lewis Action. On March 31, 2019, CEC filed an objection to the Lewis Claim in the Bankruptcy Court.

### ARGUMENT

14. All cases and proceedings arising in or related to bankruptcy proceedings are automatically referred to the bankruptcy court for the applicable Federal district. *See, e.g.* Rule 201 of the Local Rules of the United States District Court for the District of Massachusetts.

15. Pursuant to section 157(d) of title 28 of the United States Code, a Federal district court may, and in some instances must, withdraw the reference of a matter to the bankruptcy court. *See* 28 U.S.C. §157(d); *U.S. v. Kaplan*, 146 B.R. 500, 502 (D. Mass. 1992).

16. Section 157(d) of title 28 of the United States Code provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

17. Bankruptcy Courts are prohibited from hearing disputes that involve personal injury tort claims. *See* 28 U.S.C. §157. Section 157(b)(5) of title 28 of the United States Code provides, with respect to personal injury claims in bankruptcy proceedings that:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. §157(b)(5)

18. The Debtors dispute the Salvador Claims and the Lewis Claim, and, pursuant to the Plan, had a deadline of March 31, 2019, to file objections to those claims.[2] There is no question that the disputes regarding the Salvador Claims and the Lewis Claim cannot be heard by the Bankruptcy Court. Instead, those disputed claims must be heard in either the Court, or in the United States District Court for the district in which the disputed claims arose (the Western District of Louisiana). Grounds therefore exist for the withdrawal of the reference of the objections to the Salvador Claims and the Lewis Claim to the Bankruptcy Court.

19. Because the circumstances giving rise to the Salvador Claims and the Lewis Claim occurred in Louisiana, the Debtors submit that the objections to the Salvador Claims and the Lewis Claim should be tried in the United States District Court in Louisiana. Given the location of the Salvador Action and the Lewis Action, the Debtors believe that the United States District Court for the Western District of Louisiana is the appropriate United States District Court in Louisiana to try the objections, and request that the objections to the Salvador Claims and the Lewis Claim be transferred to that court.

---

[2] The Debtors reserve all rights with respect to the payment of any claims that Mr. Salvador or Mr. Lewis recover against them.

20. In accordance with Massachusetts Local Bankruptcy Rule 5011-1, a United States District Court cover sheet relating to this motion is attached as <u>Exhibit A</u>.

**WHEREFORE**, the Debtors request that the Court enter an order: (a) withdrawing the reference of the objections to the Salvador Claims and the Lewis Claim to the Bankruptcy Court, (b) directing that the Salvador Claims and the Lewis Claim be transferred and tried in the United States District Court for the Western District of Louisiana, and (c) granting such other and further relief to the Debtors as may be just and proper.

    Respectfully submitted,

    CASHMAN EQUIPMENT CORP.

    By its attorneys,

    <u>/s/ D. Ethan Jeffery</u>
    Harold B. Murphy (BBO #32661)
    D. Ethan Jeffery (BBO #631941)
    Murphy & King, Professional Corporation
    One Beacon Street
    Boston, Massachusetts 02108-3107
    Telephone: (617) 423-0400
    Facsimile: (617) 423-0498
    EJeffery@murphyking.com

Dated: April 11, 2019