IN RE: CASHMAN EQUIPMENT CORP., *ET AL.*
BANKRUPTCY NO. 17-12205-MSH
(JOINTLY ADMINISTERED)

EXHIBIT A TO

MOTION TO WITHDRAW THE REFERENCE WITH
RESPECT TO THE OBJECTIONS TO THE CLAIMS OF
JOSE FRANCISCO SALVADOR AND JASON ROBERT LEWIS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jose Francisco Salvador
Jason Robert Lewis

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Farrar & Ball, LLP          Michael Beckers, Esq.
1010 Lamar, Suite 1600      Frederick & Beckers, LLC
Houston, TX  77002          112 Founders Dr, Suite 101
713-221-8300                Baton Rouge, LA  70810
                            225-372-6000

## DEFENDANTS

Cashman Equipment Corporation
Servicio Marina Superior

County of Residence of First Listed Defendant    Norfolk
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
         THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*
D. Ethan Jeffery, Esq.
Murphy & King, P.C.
One Beacon Street
Boston MA  02108
617-4230-0400

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U S Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U S Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☒ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
Motion to Withdraw Reference to Bankruptcy Court

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
/s/ D. Ethan Jeffery

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG JUDGE _____    167

[ Print ]    [ Save As... ]    [ Reset ]

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (Eastern Division)

|  |  |
|---|---|
| **In re**<br><br>**CASHMAN EQUIPMENT CORP.,[1]**<br><br>        **Debtor.** | **Chapter 11**<br><br>**Case No. 17-12205-MSH**<br><br>**Jointly Administered** |

## CERTIFICATE OF SERVICE

      I, D. Ethan Jeffery, hereby certify that on April 11, 2019, I caused to be served a copy of the following document:

- ***Motion to Withdraw the Reference with Respect to the Objections to the Claims of Jose Francisco Salvador and Jason Robert Lewis***

via this Court's CM/ECF System and by First Class Mail, postage prepaid, as indicated to the parties on the attached service list.

                                       /s/ D. Ethan Jeffery

                                     D. Ethan Jeffery (BBO #631941)
                                     Murphy & King, Professional Corporation
                                     One Beacon Street, 21st floor
                                     Boston MA  02108-3107
                                     Telephone:  (617) 423-0400
                                     Facsimile:  (617) 423-0498
                                     Email:  ejeffery@murphyking.com

DATED: April 11, 2019

---

[1] The Debtors in these jointly administered Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Cashman Equipment Corp. (7969), Cashman Scrap & Salvage, LLC (6088), Servicio Marina Superior, LLC (6919), Mystic Adventure Sails, LLC (2137) and Cashman Canada, Inc. (1296).

**BY ECF:**

- Serajul Ali    Serajul.Ali@usdoj.gov
- Olaf Aprans    oaprans@clinmuzyka.com
- Paula R.C. Bachtell    paula.bachtell@usdoj.gov
- Charles R. Bennett    cbennett@murphyking.com,
  bankruptcy@murphyking.com;imccormack@murphyking.com;amaciver@murphyking.c
  om;dmeyer@murphyking.com;ecf-ca5a5ac33a04@ecf.pacerpro.com
- Eric K. Bradford    Eric.K.Bradford@USDOJ.gov
- Andrea G. Brier    abrier@murphyking.com, asavoia@murphyking.com;andrea-brier-
  7162@ecf.pacerpro.com
- Andrew Cannella    bkecf@bmpc-law.com
- Bradford R. Carver    bcarver@watttieder.com, sdelmonaco@watttieder.com
- Daniel C. Cohn    dcohn@murthalaw.com, lmulvehill@murthalaw.com
- Christopher M. Condon    ccondon@murphyking.com,
  imccormack@murphyking.com;ecf-06e49f159ba0@ecf.pacerpro.com
- Kathleen R. Cruickshank    kcruickshank@murphyking.com,
  bankruptcy@murphyking.com;asavoia@murphyking.com;ecf-
  f3829d9f3bd3@ecf.pacerpro.com
- Thomas H. Curran    tcurran@curranantonelli.com, curran601@gmail.com
- Jennifer V. Doran    jdoran@haslaw.com,
  calirm@haslaw.com;calirm@hinckleyallen.com;kabarrett@hinckleyallen.com
- Michael J. Fencer    fencer@casneredwards.com
- Kyle A. Ferachi    kferachi@mcglinchey.com, tjackson@mcglinchey.com
- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- Jeffrey D. Ganz    JGanz@riemerlaw.com, ndailey@riemerlaw.com
- Gregory A. Geiman    ggeiman@local4funds.org
- Jeffrey S. Greenberg    jgreenberg@bakerdonelson.com
- Steven T. Greene    sgreene@riemerlaw.com
- Zachary Gregoricus    zgregoricus@curranantonelli.com
- Lee Harrington    lharrington@nixonpeabody.com
- David Himelfarb    dhimelfarb@mccarter.com, jlubertazzi@mccarter.com
- Jonathan Horne    jhorne@murthalaw.com, lmulvehill@murthalaw.com
- Stephen J. Humeniuk    stephen.humeniuk@lockelord.com,
  pbrowder@lockelord.com;jonathan.young@lockelord.com;molly.batiste-
  debose@lockelord.com;Autodocket@lockelord.com
- Donald Ethan Jeffery    dej@murphyking.com, pas@murphyking.com
- Bryan D Leinbach    bleinbach@zeklaw.com, mdavis@zeklaw.com
- Mitchell J. Levine    mlevine@nairlevin.com
- Erno D. Lindner    elindner@bakerdonelson.com, dspiegel@bakerdonelson.com
- Andrew G. Lizotte    agl@murphyking.com,
  bankruptcy@murphyking.com;pas@murphyking.com;ddk@murphyking.com;agl@murp
  hyking.com;ecf-72a6723957cc@ecf.pacerpro.com
- Eric H Loeffler    eloeffler@davids-cohen.com, cmckeeney@davids-cohen.com
- David B. Madoff    madoff@mandkllp.com, alston@mandkllp.com
- Scott R. Magee    scott.magee@lockelord.com, autodocket@lockelord.com

- Gabriel Mathless    gabemathless@mvalaw.com
- Alex F. Mattera    amattera@demeollp.com
- Mary McCarthy    mmccarthy@zeklaw.com,
  mdavis@zeklaw.com;bleinbach@zeklaw.com
- Frank McGinn    ffm@bostonbusinesslaw.com
- John J. Monaghan    bos-bankruptcy@hklaw.com
- Eric J. Monzo    EMonzo@morrisjames.com,
  wweller@morrisjames.com;jdawson@morrisjames.com
- John T. Morrier    morrier@casneredwards.com
- Maureen Mulligan    mmulligan@peabodyarnold.com, mashman@peabodyarnold.com
- Richard T. Mulligan    mabk@harmonlaw.com, rmulligan@ecf.courtdrive.com
- Harold B. Murphy    bankruptcy@murphyking.com, dkonusevska@murphyking.com
- Kate E. Nicholson    knicholson@nicholsonherrick.com,
  knicholson@ecf.courtdrive.com;ekropelin@nicholsonherrick.com
- Michael K. O'Neil    moneil@murphyking.com, dkonusevska@murphyking.com;ecf-
  b51ce627ec66@ecf.pacerpro.com
- Marcus Pratt    bankruptcy@KORDEASSOC.COM
- Brendan C. Recupero    bcr@riw.com
- Andrew B. Saunders    asaunders@saunderslawllp.com
- Mark S. Scott    mscott@riemerlaw.com, mscott@riemerlaw.com
- Jeffrey D. Sternklar    jeffrey@sternklarlaw.com,
  jdsternklar@yahoo.com;r60083@notify.bestcase.com
- Tatyana P. Tabachnik    bankruptcyNE@orlans.com,
  ttabachnik@orlans.com;ANHSOM@4stechnologies.com
- Stephanie Laird Tolson    stolson@mcglinchey.com,
  sajohnson@mcglinchey.com;dmunoz@mcglinchey.com
- A. Davis Whitesell    whitesell@casneredwards.com
- James M. Wilton    james.wilton@ropesgray.com, nova.alindogan@ropesgray.com
- Keri Linnea Wintle    klwintle@duanemorris.com, mmmelo@duanemorris.com


**BY FIRST CLASS MAIL:**

Anthony Staines
Corey P. Parenton
Staines & Eppling
3500 N. Causeway Blvd., Suite 820
Metairie LA  70002

Bert M. Case, Jr.
Deutsch Kerrigan, LLP
755 Magazine Street
New Orleans, LA  70130

Michael Beckers, Esq.
Frederick & Beckers, LLC
112 Founders Drive
Suite 101
Baton Rouge LA  70810

Farrar & Ball, LLP
1010 Lamar
Suite 1600
Houston TX  77002

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (Eastern Division)

|  |  |
|---|---|
| **In re** | **Chapter 11** |
| **CASHMAN EQUIPMENT CORP.,**[1] | **Case No. 17-12205-MSH** |
| **Debtor** | **Jointly Administered** |

## OBJECTION TO CLAIMS OF JOSE FRANCISCO SALVADOR

Cashman Equipment Corporation ("CEC") and Servicio Marina Superior, LLC ("SMS", and together with CEC the "Debtors") object, pursuant to Section 502 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3007 to the claim of Jose Francisco Salvador ("Mr. Salvador"), asserted against CEC and, separately against SMS (collectively the "Salvador Claims"). The Salvador Claims assert identical claim amounts and theories of liability against both Debtors. The Salvador Claims arise from an alleged slip and fall accident on the tugboat MV Marina Polaris (the "Polaris"), which is owned by SMS. CEC has does not own the Polaris and otherwise has no liability to Mr. Salvador. SMS has no liability to Mr. Salvador because, among other things, Mr. Salvador's injuries were caused by complications from diabetes, not from the alleged slip and fall on the Polaris. The Salvador Claims assert liability under the Jones Act, 46 U.S.C. 30104, et seq. Mr. Salvador, however, was employed by a foreign entity at the time of the accident and the accident occurred in territorial waters of a country other than the United States. Pursuant to Section 30105 of the Jones Act, Mr. Salvador does not have standing to assert claims against the Debtors under the maritime law of the United States. *See* 46 US

---

[1] The debtors in these jointly administered chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are Cashman Equipment Corp. (7969), Cashman Scrap & Salvage, LLC (6088), Servicio Marina Superior, LLC (6919), Mystic Adventure Sails, LLC (2137) and Cashman Canada, Inc. (1296).

Code § 30105.  The Polaris was covered by insurance at all times relevant to the Salvador

Claims.  Even if Mr. Salvador had valid claims against the Debtors, any such claims would be

payable from the Debtors' insurers and not from the Debtors.

### RESERVATION OF RIGHTS

Nothing in this objection constitutes a waiver of the Debtor's right to assert claims or

causes of action against Mr. Salvador or any other party.  The Debtor reserves the right to amend

this objection to assert additional bases for objecting to the Salvador Claims or to object to any

other claims asserted against the Debtor that are not included within the objection.

WHEREFORE, the Debtor requests that the Court enter an order: (a) disallowing and

expunging Mr. Lewis' claim, and (b) granting the Debtor such other relief as is just and proper.

Respectfully submitted,

CASHMAN EQUIPMENT CORP.,

By its attorneys,

/s/ *D. Ethan Jeffery*_____
D. Ethan Jeffery (BBO No. 631941)
Michael K. O'Neil (BBO No. 685025)
MURPHY & KING
Professional Corporation
One Beacon Street
Boston, Massachusetts  02108-3107
Tel:  (617) 423-0400
Email: EJeffery@murphyking.com

Dated: March 29, 2019

2

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### (Eastern Division)

|  |  |
|---|---|
| **In re** | **Chapter 11** |
| **CASHMAN EQUIPMENT CORP.,**[1] | **Case No. 17-12205-MSH** |
| **Debtor** | **Jointly Administered** |

### OBJECTION TO CLAIM OF JASON ROBERT LEWIS

Cashman Equipment Corp. (the "Debtor") objects, pursuant to Section 502 of the

Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3007 to the claim of Jason Robert

Lewis ("Mr. Lewis"). Mr. Lewis asserts a claim arising from "Personal injury/bodily injury,"

but does not provide any details or allegations regarding the injury. The Debtor disputes that it is

liable for any injury to Mr. Lewis and/or for any damages suffered by Mr. Lewis. The Debtor,

moreover, was covered by insurance at all times relevant to Mr. Lewis' claim. Even if Mr.

Lewis had a valid claim against the Debtor, any such claim would be payable from the Debtor's

insurers and not from the Debtor. Mr. Lewis' claim was filed after the applicable bar date in the

Debtor's bankruptcy proceeding and is therefore barred.

### RESERVATION OF RIGHTS

Nothing in this objection constitutes a waiver of the Debtor's right to assert claims or

causes of action against Mr. Lewis or any other party. The Debtor reserves the right to amend

---

[1] The debtors in these jointly administered chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are Cashman Equipment Corp. (7969), Cashman Scrap & Salvage, LLC (6088), Servicio Marina Superior, LLC (6919), Mystic Adventure Sails, LLC (2137) and Cashman Canada, Inc. (1296).

this objection to assert additional bases for objecting to Mr. Lewis' claim or to object to any

other claims asserted against the Debtor that are not included within the objection.

WHEREFORE, the Debtor requests that the Court enter an order: (a) disallowing and

expunging Mr. Lewis' claim, and (b) granting the Debtor such other relief as is just and proper.

Respectfully submitted,

CASHMAN EQUIPMENT CORP.,

By its attorneys,

/s/ D. Ethan Jeffery
D. Ethan Jeffery (BBO No. 631941)
Michael K. O'Neil (BBO No. 685025)
MURPHY & KING
Professional Corporation
One Beacon Street
Boston, Massachusetts  02108-3107
Tel:  (617) 423-0400
Email: EJeffery@murphyking.com

Dated: March 29, 2019

Fill in this information to identify the case:

Debtor 1    Cashman Equipment Corp.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  District of Massachusetts

Case number  17-12205-MSH

## Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:  Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Jose Francisco Salvador Salvador<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>c/o Farrar & Ball L.L.P.<br>Name<br><br>1010 Lamar, Suite 1600<br>Number      Street<br><br>Houston        TX        77002<br>City              State          ZIP Code<br><br>Contact phone (713) 221-8300<br><br>Contact email  david@fbtrial.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | Where should payments to the creditor be sent? (if different)<br><br>Name<br><br>Number      Street<br><br>City              State          ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____        Filed on _____<br>MM  / DD   / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. | Do you have any number you use to identify the debtor? | ☑ No ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

7. **How much is the claim?**  $_____ 10,000,000.00  **Does this amount include interest or other charges?**
   ☑ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   Personal Injury (medical expenses, lost wages, pain and suffering)

9. **Is all or part of the claim secured?**
   ☑ No
   ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   Value of property:                    $_____
   Amount of the claim that is secured:   $_____

   Amount of the claim that is unsecured: $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

   Amount necessary to cure any default as of the date of the petition:   $_____

   Annual Interest Rate (when case was filed)_____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

11. **Is this claim subject to a right of setoff?**
    ☑ No
    ☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | Amount entitled to priority |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |

---

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    12/20/2018
                    MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Jose Francisco Salvador Salvador | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | | | |
| | Number    Street | | |
| | City | State    ZIP Code | |
| Contact phone | | Email | |

Official Form 410                    Proof of Claim                    page 3

| JOSE FRANCISCO SALVADOR SALVADOR | 16ᵗʰ JUDICIAL DISTRICT COURT |
|---|---|
| VERSUS | PARISH OF ST. MARY |
| CASHMAN EQUIPMENT CORP., CHM MARITIME SAPI DE C.V. AND SERVICIO MARINA SUPERIOR, LLC | STATE OF LOUISIANA |
| | DOCKET NUMBER:   1 3 1 0 7 0 |

DIV. "B"

### SUIT UNDER THE JONES ACT AND GENERAL MARITIME LAW

The Petition of JOSE FRANCISCO SALVADOR SALVADOR, a person of full age of majority domiciled in Cancun, Mexico, with respect represents:

I.

These matters are brought pursuant to 46 U.S.C.A. § 30104, more commonly known as the Jones Act, and under the general maritime law for unseaworthiness and for maintenance and cure.

II.

Made defendants herein are:

A.   CASHMAN EQUIPMENT CORP, a foreign corporation authorized to do and doing business in Louisiana with its principle business establishment in Louisiana located in Jefferson Parish.

B.   CHM MARITIME SAPI DE C.V., a foreign corporation, and subsidiary of defendant, CASHMAN EQUIPMENT CORP., authorized to and doing business in Louisiana, with its principle business establishment in Louisiana located in Lafourche Parish.

C.   SERVICIO MARINA SUPERIOR, LLC, a domestic limited liability company, and subsidiary of defendant, CASHMAN EQUIPMENT CORP., authorized to do and doing business in Louisiana, with its principle business establishment in Louisiana located in St. Tammany Parish.

III.

On or about June 10, 2016, plaintiff, JOSE FRANCISCO SALVADOR SALVADOR was employed by defendants, CASHMAN EQUIPMENT CORP, and/or CHM MARITIME SAPI DE C.V. and/or SERVICIO MARINA SUPERIOR, LLC, and assigned as a crewmember to the M/V "Marina Polaris", a tug boat owned and operated by defendants, CASHMAN EQUIPMENT CORP. and/or CHM MARITIME SAPI DE C.V. and/or SERVICIO MARINA SUPERIOR, LLC.

IV.

On or about June 10, 2016, plaintiff, JOSE FRANCISCO SALVADOR SALVADOR, was injured when he was suddenly, negligently and without warning caused to slip and fall while performing work in the engine room was while in the course and scope of his employment and in the service of defendants' vessel. At the time of the incident, the defendants' vessel was located on Louisiana navigable waters at the Diamond Services dock in St. Mary Parish, Louisiana.

V.

Said accident, resulting in injuries and damages to plaintiff, JOSE FRANCISCO SALVADOR SALVADOR, was a direct and proximate result of the negligence of defendant, CASHMAN EQUIPMENT CORP., its employees, agents or others for whom it is responsible in the following non-exclusive particulars:

A. Negligently placing plaintiff in a situation it knew or should have known to be unreasonably dangerous;

B. Failure to alleviate an unreasonably hazardous condition;

C. Failure to warn of a condition which it knew or should have known to present an unreasonable risk of harm;

D. Failure to provide proper safety equipment;

E. Failure to provide a safe place to work;

F. Negligent training;

G. Negligent supervision;

H. Failure to properly examine and/or inspect its vessel to ensure that it did not contain any unseaworthy and/or unreasonably dangerous conditions;

I. Failure to properly maintain its vessel and/or ensure that its vessel was seaworthy;

J. Inattentiveness of the master and/or crew of its vessel;

K. Any other acts of negligence which may be revealed at or before the trial of this matter.

VI.

Said accident, resulting in injuries and damages to plaintiff, JOSE FRANCISCO SALVADOR SALVADOR, was a direct and proximate result of the negligence of defendant, CHM MARITIME SAPI DE C.V., its employees, agents or others for whom it is responsible in the following non-exclusive particulars:

A. Negligently placing plaintiff in a situation it knew or should have known to be unreasonably dangerous;

B. Failure to alleviate an unreasonably hazardous condition;

2

  C.  Failure to warn of a condition which it knew or should have known to present an unreasonable risk of harm;

  D.  Failure to provide proper safety equipment;

  E.  Failure to provide a safe place to work;

  F.  Negligent training;

  G.  Negligent supervision;

  H.  Failure to properly examine and/or inspect its vessel to ensure that it did not contain any unseaworthy and/or unreasonably dangerous conditions;

  I.  Failure to properly maintain its vessel and/or ensure that its vessel was seaworthy;

  J.  Inattentiveness of the master and/or crew of its vessel;

  K.  Any other acts of negligence which may be revealed at or before the trial of this matter.

VII.

Said accident, resulting in injuries and damages to plaintiff, JOSE FRANCISCO SALVADOR SALVADOR, was a direct and proximate result of the negligence of defendant, SERVICIO MARINA SUPERIOR, LLC, its employees, agents or others for whom it is responsible in the following non-exclusive particulars:

  A.  Negligently placing plaintiff in a situation it knew or should have known to be unreasonably dangerous;

  B.  Failure to alleviate an unreasonably hazardous condition;

  C.  Failure to warn of a condition which it knew or should have known to present an unreasonable risk of harm;

  D.  Failure to provide proper safety equipment;

  E.  Failure to provide a safe place to work;

  F.  Negligent training;

  G.  Negligent supervision;

  H.  Failure to properly examine and/or inspect its vessel to ensure that it did not contain any unseaworthy and/or unreasonably dangerous conditions;

  I.  Failure to properly maintain its vessel and/or ensure that its vessel was seaworthy;

  J.  Inattentiveness of the master and/or crew of its vessel;

  K.  Any other acts of negligence which may be revealed at or before the trial of this matter.

VIII.

At all times mentioned herein, defendants, CASHMAN EQUIPMENT CORP. and/or CHM MARITIME SAPI DE C.V. and/or SERVICIO MARINA SUPERIOR, LLC, were the Jones Act employers of plaintiff, JOSE FRANCISCO SALVADOR SALVADOR, at the time of the accident in question and violated their non-delegable duty to plaintiff to provide him with a seaworthy vessel and/or vessels upon which to work.

IX.

As a result of the aforesaid incident, plaintiff, JOSE FRANCISCO SALVADOR SALVADOR, sustained and will sustain the following past and future damages, itemized as follows:

A.  Medical expenses; past, present and future; in an amount reasonable in the premises;

B.  Loss of wages and/or Impairment of earning capacity; past, present and future; in an amount reasonable in the premises;

C.  General damages, including pain, suffering , disability, mental, emotional and psychiatric injuries; and loss of enjoyment of life; past, present and future; in an amount reasonable in the premises.

X.

As a result of the foregoing accident, plaintiff, JOSE FRANCISCO SALVADOR SALVADOR, is entitled to receive maintenance and cure benefits from defendants, CASHMAN EQUIPMENT CORP. and/or CHM MARITIME SAPI DE C.V., and/or SERVICIO MARINA SUPERIOR, LLC, and in the event such is not timely and properly paid, now or in the future, to receive punitive damages and/or exemplary damages, general damages, attorney's fees and costs for any wrongful failure to timely and/or properly pay maintenance and cure and legal interest thereon.

WHEREFORE, all premises considered, plaintiff, JOSE FRANCISCO SALVADOR SALVADOR, prays that defendants, CASHMAN EQUIPMENT CORP., CHM MARITIME SAPI DE C.V. and SERVICIO MARINA SUPERIOR, LLC, be duly served with a copy of this Petition, cited to appear and answer same and, that after legal delays and due proceedings had, there be a judgment in favor of plaintiff, JOSE FRANCISCO SALVADOR SALVADOR, and against defendants, CASHMAN EQUIPMENT CORP., CHM MARITIME SAPI DE C.V. and SERVICIO MARINA SUPERIOR, LLC, in an amount reasonable in the premises, together with legal interest from date of the incident and for all costs of these proceedings.

FURTHER, for all other such general and equitable relief as this Honorable Court may

deem proper.

Respectfully submitted,

ANDERSON DOZIER BLANDA & SALTZMAN

Orignal Signed By
Nicholas A. Blanda

NICHOLAS A. BLANDA (#29093)
Attorney for Plaintiff
P.O. Box 82008
Lafayette, LA  70598-2008
(337) 233-3366 – phone
(337) 233-3163 – fax

&

KYLE W. FARRAR (pro hac pending)
Texas State Bar No. 24034828
FARRAR & BALL, L.L.P.
1010 Lamar, Suite 1600
Houston, Texas 77002
Telephone:    713.221.8300
Telecopier:    713.221.8301

&

PETER E. FERRARO (pro hac pending)
Texas State Bar # 06934600
THE FERRARO LAW FIRM
1011 W. 10th Street
Austin, Texas 78703
Telephone: (512) 474-7742
Facsimile:  (512) 474-8106

PLEASE SERVE:

CASHMAN EQUIPMENT CORP.
Through its registered agent for service of process:
Scott D. Brownell
3900 N. Causeway Blvd., Suite 1450
Metairie, LA  70002

CHM MARITIME SAPI DE C.V.
Via the Louisiana Long Arm Statute

SERVICIO MARINA SUPERIOR, LLC
Through its registered agent for service of process:
Scott D. Brownell
527 E. Boston St., Ste. 201
Covington, LA 70433

RECEIVED AND FILED

MAY 0 2 2017

s/Jennifer R. Splane
DY. CLERK OF COURT

<table>
<tr><td colspan="2">

**Fill in this information to identify the case:**

Debtor 1   Cashman Equipment Corporation

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court    **District of Massachusetts**

Case number:  **17−12205**
</td></tr>
</table>

**FILED**

U.S. Bankruptcy Court
District of Massachusetts

2/16/2018

**Mary P. Sharon, Clerk**

## Official Form 410
## Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Jason Robert Lewis

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Jason Robert Lewis

Name

Michael Beckers, Frederick & Beckers, LLC
112 Founders Drive
Suite 101
Baton Rouge, LA 70810

Contact phone      225−372−6000

Contact email
  michael@frederickbeckers.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one): _____

**Where should payments to the creditor be sent?** (if different)

Name

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
| 7. **How much is the claim?** | $ 0.00        **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Personal Injury/Bodily Injury _____ |
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>    **Nature of property:**<br>    ☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>    ☐ Motor vehicle<br>    ☐ Other. Describe: _____<br><br>    **Basis for perfection:** _____<br><br>    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>    **Value of property:** $ _____<br><br>    **Amount of the claim that is secured:** $ _____<br><br>    **Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>    **Amount necessary to cure any default as of the date of the petition.** $ _____<br><br>    **Annual Interest Rate** (when case was filed) _____ %<br>    ☐ Fixed<br>    ☐ Variable |
| 10. **Is this claim based on a lease?** | ☐ No<br>☑ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410            Proof of Claim            page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | | | |
|---|---|---|---|---|
| | | ☑ No | | |
| | | ☐ Yes. *Check all that apply*: | | Amount entitled to priority |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(\_) that applies  $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  2/16/2018
MM / DD / YYYY

/s/ Michael T. Beckers
Signature

Print the name of the person who is completing and signing this claim:

Name  Michael T. Beckers
First name    Middle name    Last name

Title  Attorney

Company  Frederick & Beckers, LLC
Identify the corporate servicer as the company if the authorized agent is a servicer

Address  112 Founders Drive, Suite 101
Number  Street

Baton Rouge, LA 70810
City  State  ZIP Code

Contact phone  225–372–6000    Email  michael@frederickbeckers.com