UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOSE FRANCISCO SALVADOR ET AL    CASE NO. 6:19-CV-01570

VERSUS    JUDGE TERRY A. DOUGHTY

CASHMAN EQUIPMENT CORP ET AL    MAGISTRATE JUDGE CAROL B. WHITEHURST

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Abstain and for Remand. (Rec. Doc. 24). Defendants did not oppose the motion. The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's Motion be granted.

### Factual Background

In May 2017, Plaintiff filed this Jones Act and General Maritime Law claim in state court following a leg injury he sustained while working for Cashman Equipment Corp., CHM Maritime SAPI De D.V. and/or Servicio Marina Superior, LLC ("SMS"). (Rec. Doc. 1-1, p. 15-19). Cashman and SMS subsequently filed for Chapter 11 bankruptcy in the District of Massachusetts. In response to Plaintiff's claim against them in the bankruptcy proceedings, Cashman and SMS moved to withdraw the reference to the Bankruptcy Court. (Rec. Doc. 1). The Massachusetts

District Court granted the motion, and in December 2019 Plaintiff's case was transferred to this Court. (Rec. Doc. 10).

Since the case was transferred, the parties appeared to contemplate a stipulation to proceed in state court where Plaintiff initially filed suit; however, the parties were unable to perfect a stipulation due to Plaintiff's inability to serve Mexican entity SAPI. (See Rec. Doc. 20 and 22). Over a year later, Plaintiff filed the instant motion to abstain and for remand seeking an order remanding the case to state court pursuant to 28 U.S.C. §1334. Defendants did not oppose the motion.

## Law and Analysis

A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes otherwise. *Howery v. Allstate*, 243 F.3d 912, 916 (5th Cir. 2001). The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction. *Id*. Any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Defendants initially invoked federal court jurisdiction pursuant to 28 U.S.C. § 1334, which grants federal courts original jurisdiction over all bankruptcy cases arising under title 11. Plaintiff urges the Court to abstain from further proceedings and remand based on § 1334(c)(2), which states:

Case 6:19-cv-01570-TAD-CBW Document 26 Filed 08/19/22 Page 3 of 5 PageID #: 58

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The Fifth Circuit recently delineated the four conditions precedent for mandatory abstention:

> *First*, an action with respect to those state-law claims could not have been commenced in federal court absent bankruptcy jurisdiction. *Second*, the claims only *relate to* a bankruptcy case; that is, they are not core bankruptcy claims. *Third*, an action regarding the claims has been commenced in state court, and *fourth*, such an action can be timely adjudicated there.

*In re GenOn Mid-Atl. Dev., L.L.C.,* 42 F.4th 523 (5th Cir. 2022) (cleaned up; emphasis in original).

"The statute requires abstention only if all four conditions are met." *Id*. The Court agrees that mandatory abstention is warranted in this case. First, Defendants, upon whom the burden rests, did not provide any basis for federal court jurisdiction other than as a matter related to bankruptcy proceedings. Second, this personal injury action is not a core bankruptcy claim—it merely relates to the bankruptcy proceedings by virtue of Cashman's bankruptcy. See *Baumgart v. Fairchild Aircraft Corp.,* 981 F.2d 824, 833 (5th Cir. 1993). Finally, Plaintiff filed suit in state court, and there has been no evidence that the case cannot be timely adjudicated there. Therefore, the Court finds that abstention and remand are proper under § 1334(c)(2).

3

Having found mandatory abstention and remand warranted, the Court foregoes discussion of permissive abstention under § 1334(c)(1), which Plaintiff proposes as an alternative basis for the requested relief.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Abstain and for Remand (Rec. Doc. 24) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 19th day of August, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE